**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM RICCARD,**

                **Plaintiff,**

-vs-                                                  **Case No. 6:99-cv-1266-Orl-31JGG**

**PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA,**

                **Defendant.**

## ORDER

This matter came before the Court *sua sponte*. On October 5, 2005, the Court entered an order (Doc. 255) striking Riccard's motion to set aside the judgment (Doc. 245) because the motion and its supporting documents had been filed separately and without proper identification. The order permitted Riccard to refile the motion so long as the supporting documents were appropriately identified and in hard copy form. (Doc. 255 at 2).

On October 6, 2005, Riccard refiled the motion to vacate (Doc. 256), a memorandum in support (Doc. 257), a supporting affidavit (Doc. 259), and a notice of filing the affidavit (Doc. 258). According to the docket entry accompanying the identical affidavit submitted by Riccard in the companion case – 6:97-cv-1390 (the "1390 case") – Riccard filed the exhibits in support of the affidavit "in paper, with Court's permission," and provided courtesy copies to Chambers. (Doc. 246 in the 1390 case). In resolving the motion to vacate, the Court reviewed the exhibits, which are described in Riccard's affidavit. However, it appears that despite the description in the docket

entry, those exhibits were never docketed.[1]  Chambers personnel did not retain the courtesy copies reviewed in resolving the motion.

So that the record will be complete, Riccard will be permitted to refile the exhibits that originally accompanied the affidavit (Doc. 259), accompanied by a "Notice of Refiling Exhibits Originally Attached to Riccard Affidavit (Doc. 259)."  The Clerk is directed to accept the filing and take any steps needed to insure that the exhibits are part of the record for purposes of appeal.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 27, 2005.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] On October 7, 2005, Riccard filed a "Motion for Clarification of the Record." (Doc. 261). The stated basis of the motion was "to ensure that the 'Attachments' filed as part of Riccard's Affidavit are part of the record in this case." (Doc. 261 at 1). The Court, assuming that the documents were already part of the record, denied the motion as moot. (Doc. 267).